```
                                        FILED
                                 U.S. DISTRICT COURT
                                 EASTERN DISTRICT OF LA

                                 2000 FEB -8  A 10: 53

                                 LORETTA G. WHYTE
                                       C
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BANK OF AMERICA, N.A.                Civil Action No. **00-0394**

VERSUS                               **SECT. R  MAG. 2**

MISS JUDY (Official Number 995249), its engines,     Magistrate Judge ____
machinery, tackle, apparel, furniture, etc., in rem;
ELDRIDGE K. ARRINGTON, JR.; and
JUDY L. ARRINGTON

### Plaintiff's Motion for Appointment of Substitute Custodian and Receiver

Bank of America, N.A. ("Plaintiff") moves this Court to appoint Murray Yacht Sales as a substitute custodian and receiver for the vessel named as a defendant in this action. In support and pursuant to 46 U.S.C. § 31325(e), Rule E(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Local Admiralty Rule 64.4, Plaintiff shows as follows:

1. Contemporaneously with the filing of this motion, a Verified Complaint in this action was filed praying that the MISS JUDY, its engines, tackle, furniture, apparel, machinery, etc. (the "Vessel") *in rem* be arrested, seized, condemned, and sold to pay Plaintiff's demands and claims.

2. Among other things, the Verified Complaint prays for an order directing the Clerk of this Court to issue a Warrant for Arrest for the Vessel.

GAMD-NO.98090-1                         -1-

DATE OF ENTRY  FEB 1 0 2000



3. It is the intention of the Plaintiff to request the United States Marshal to arrest the Vessel. Custody by the United States Marshall will require the services of a keeper of wharfage and other services usually associated with the safekeeping and maintenance of a vessel similar to the Vessel.

4. Upon information and belief, the Vessel is currently anchored or stationed within this district. Murray Yacht Sales has agreed to assume the responsibility of safekeeping the Vessel and has consented to act as its custodian and receiver until further order of this Court, all for an agreed sum, including wharfage and all routine services required for the safekeeping of the Vessel.

5. As verified by the attached declaration under 28 U.S.C. § 1746 by its president, Murray Yacht Sales has adequate facilities and staff for the proper safekeeping of the Vessel and possesses or has provided for sufficient insurance to respond in damages for loss or damage to the Vessel.

6. The full name, address, and telephone number for Murray Yacht Sales is as follows:

> Murray Yacht Sales
> Stanton Murray, President
> 402 South Roadway Drive
> New Orleans, Louisiana 70124
> (504) 283-2507

7. In consideration of this Court's granting this Motion for Appointment of Substitute Custodian, Plaintiff agrees to release the United States, the United States Marshal and all his deputies from any and all liability and responsibility arising out of the care and custody of the Vessel until the time the Vessel is released from arrest pursuant to further order of this Court, and the Plaintiff further agrees to hold harmless and indemnify the United States, the United States Marshal

and all his deputies from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

Respectfully submitted,

GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
201 St. Charles Ave., 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111

By: _____
Paul E. Bullington (14109), T.A.
C. Peck Hayne Jr. (19615)

Attorneys for Bank of America, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BANK OF AMERICA, N.A. | Civil Action No. _____ |
| VERSUS | Section ____ |
| MISS JUDY (Official Number 995249), its engines, machinery, tackle, apparel, furniture, etc., in rem; ELDRIDGE K. ARRINGTON, JR.; and JUDY L. ARRINGTON | Magistrate Judge ____ |

<u>Declaration under 28 U.S.C. § 1746</u>

I, Stanton Murray, hereby declare as follows:

1. I am the president of Murray Yacht Sales ("Custodian") and make the statements below from my personal knowledge as a duly authorized representative of Custodian.

2. The full name, address, and telephone number for Custodian is as follows:

> Murray Yacht Sales
> Stanton Murray, President
> 402 South Roadway Drive
> New Orleans, Louisiana 70124
> (504) 283-2507

3. I am familiar with the MISS JUDY, its engines, tackle, furniture, apparel, machinery, etc. (the "Vessel") at least to the extent of its size, type, construction material, and current condition. I believe that Custodian has adequate facilities and supervision for and can safely keep the Vessel in place of the Marshal during the pendency of this action and until further order of Court. If appointed substitute custodian and receiver, Custodian will perform the following services for the Vessel during its custodianship and receivership: security, periodic inspections, insurance, dockage, etc.

4. Custodian is a named insured for amounts adequate to respond in damages for loss of or injury to the Vessel during its custody or for damages sustained by third parties due to negligence of Custodian or its employees or agents committed during its custody, such insurance including port and hull insurance coverage.

GAMD-NO 98090-1            -1-

5.  Custodian agrees to accept substitute custodianship and receivership of the Vessel in accordance with the proposed Order Appointing Substitute Custodian submitted with Plaintiff's Motion for Appointment of Substitute Custodian.

6.  All costs and expenses incidental to the keeping of the Vessel will be advanced by the moving party. The United States Marshal does not assume liability for any acts of the substitute Custodian or any costs incurred incidental to the Court appointed custodianship.

**I declare under penalty of perjury that the foregoing is true and correct. Executed in New Orleans, Louisiana, on this 7th day of February 2000.**

*Stanton Murray*
Stanton Murray
President of Murray Yacht Sales

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BANK OF AMERICA, N.A. | Civil Action No. _____ |
| VERSUS | Section ____ |
| MISS JUDY (Official Number 995249), its engines, machinery, tackle, apparel, furniture, etc., in rem; ELDRIDGE K. ARRINGTON, JR.; and JUDY L. ARRINGTON | Magistrate Judge ____ |

### Order Appointing Substitute Custodian and Receiver

Before the Court is Plaintiff's Motion for Order for Appointment of Substitute Custodian and Receiver. Upon review of the record in this action (including particularly the declaration attached to this motion and the affidavit attached to the Verified Complaint), the Court finds that is it reasonable to permit the substitution of Murray Yacht Sales (the "Substitute Custodian") for the United States Marshal as custodian and receiver for the MISS JUDY, its engines, tackle, furniture, apparel, machinery, etc. (the "Vessel") following arrest; that the Substitute Custodian has adequate facilities and staff to effect the custody of the Vessel; that the Substitute Custodian possesses or has provided for sufficient insurance to respond in damages as necessary for any loss or damage to the Vessel; and that Plaintiff has agreed to indemnify and hold harmless the United States and the United States Marshal for any liability arising out of the appointment of this substitute custodian.

GAMD-NO 98090-1

-1-

Accordingly, the Court hereby **ORDERS** that

1. the Substitute Custodian is hereby appointed the custodian and receiver of the Vessel, to retain the same in its custody for possession and safekeeping within the Eastern District of Louisiana (this "District") until further order of this Court;

2. in connection with its custody of the Vessel and pending further order of this Court, the Substitute Custodian (or, while he has custody of the Vessel, the United States Marshal) is hereby authorized to move the Vessel to one or more locations within this District as the Substitute Custodian (or, while he has custody of the Vessel, the United States Marshal) determines appropriate;

3. the United States Marshal is hereby authorized and directed to place the possession of the Vessel into the custody of the Substitute Custodian and, upon such placement, shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and, along with all his deputies, shall be held harmless by Plaintiff from any and all claims arising whatever out of said substitute possession and safekeeping; and

4. reasonable and necessary expenses attendant upon the safekeeping, maintenance, and insuring of the Vessel shall be deemed costs of the administration of justice entitled to the priority accorded by law.

New Orleans, Louisiana, this _____ day of February 2000.

_____
UNITED STATES DISTRICT JUDGE